IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

CHARLES TERRY STEELE                                                                    PLAINTIFF

VS.                                                         CIVIL ACTION NO. 1:12CV57 MPM-DAS

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA.
AIG CLAIMS, INC. AND RISK REDUCERS                                          DEFENDANTS

---

**CHARTIS CLAIMS, INC.
ANSWER AND DEFENSES TO COMPLAINT**

---

COMES NOW Defendant, Chartis Claims, Inc.,(improperly designated in Plaintiff's Complaint as AIG Claims, Inc.); by and through its counsel of record, and files this Answer and Defenses to the Complaint filed against it by Charles Terry Steele, and in support thereof would show unto this Honorable Court the following facts and matters:

**FIRST DEFENSE**

This Defendant preserves the defenses of insufficient process and insufficient service of process and requests that this matter be dismissed as to it.

**SECOND DEFENSE**

This Defendant reserves the right to assert that the Complaint fails to state a claim against this Defendant upon which relief may be granted.

**ANSWER**

1.      Apart from admitting that Charles Terry Steele is an adult resident citizen of the state of Mississippi, the allegations contained in Paragraph 1 are denied.

2.  Apart from admitting that National Union Fire Insurance Company of Pittsburgh, PA, is a non-resident insurance company doing in business and registered with the Mississippi Insurance Commission and may be served with process as allowed by law, the allegations contained in Paragraph 2 are denied.

3.  Apart from admitting that Chartis Claims, Inc., is a non-resident corporation doing in business in the Mississippi Insurance Commission and may be served with process as allowed by law, the allegations contained in Paragraph 3 are denied.

4.  Apart from admitting that Swett & Crawford of Georgia, Inc., is a foreign corporation whose principal place of business in Georgia, the allegations contained in Paragraph 4 are denied.

5.  Apart from admitting that jurisdiction and venue are appropriate in the United States District Court for the Northern District of Mississippi, Eastern Division, the allegations contained in Paragraph 5 are denied.

6.  Apart from admitting that Charles Terry Steele was an insured under a Truckers Occupational Accident insurance policy issued by National Union Fire Insurance Company, which provided coverage in accordance with the terms and conditions of that policy, the allegations contained in Paragraph 6 are denied.

7.  Apart from admitting that the Plaintiff alleged he became disabled on April 19, 2008, and ultimately submitted a claim to National Union, the allegations contained in Paragraph 7 are denied.

8.  Apart from admitting that certain benefits were paid to the Plaintiff pursuant to the policy at issue, the allegations contained in Paragraph 8 are denied.

9. This Defendant denies the allegations contained in Paragraph 9.

10. This Defendant denies the allegations contained in Paragraph 10.

11. This Defendant denies the allegations contained in Paragraph 11.

12. The unnumbered beginning "WHEREFORE, PREMISES CONSIDERED," is denied and this Defendant further states that the cause of action should be dismissed against this Defendant, without prejudice, with any and all costs to be paid by the Plaintiff and Judgment entered in favor of this Defendant, Chartis Claims, Inc., in this matter.

### THIRD DEFENSE

This Defendant incorporates the terms and conditions of the policy in question to the extent applicable to the facts of this case and/or to this particular Defendant.

### FOURTH DEFENSE

The facts not having been fully developed, this Defendant reserves the right to assert any and all defenses found in Rule 8(c) and/or Rule 12(b) of the Federal Rules of Civil Procedure and any and all other matters constituting an avoidance or affirmative defense which may be found applicable to the facts of this case.

### FIFTH DEFENSE

Plaintiff's claims are barred, in whole or part, to the extent he failed to satisfy all of the terms and obligations under the policy.

### SIXTH DEFENSE

This Defendant invokes any and all provisions of the statutory law commonly known as the Mississippi Tort Claims Relief Act.

## SEVENTH DEFENSE

This Defendant reserves and asserts all defenses available in Federal Rules of Civil Procedure 12(b)(1-7) for which a legal and/or factual basis exists or may be shown to exist.

## EIGHTH DEFENSE

The imposition of punitive damages in this case would deprive this Defendant of its property without due process of law and would deny to this Defendant the equal protection of the laws in violation of the Fourteenth Amendment of the United States Constitution and in violation of Article 3, Section 14 and Article 3, Section 24 of the Constitution of the State of Mississippi.  Therefore, these claims should be dismissed.

## NINTH DEFENSE

The imposition of punitive damages in this matter would constitute imposition of an excessive fine in violation of Amendment VIII of the United States Constitution, prohibiting excessive fines, cruel and unusual punishments and Article 3, Section 28 of the Constitution of the State of Mississippi, prohibiting excessive fines.  Therefore, these claims should be dismissed.

## TENTH DEFENSE

The imposition of punitive damages in this matter would violate the provisions of the Contract Clause of Article I, Section X, Clause 1 of the United States Constitution, prohibiting any law which impairs the obligation of contracts and of Article 3, Section 16 of the Constitution of the State of Mississippi, prohibiting laws which impair the obligation of contracts.  Therefore, these claims should be dismissed.

## ELEVENTH DEFENSE

The Plaintiffs are not entitled to punitive damages under Miss. Code Ann. 11-1-65.

## TWELFTH DEFENSE

This Defendant also asserts and preserves the right to assert which law and/or choice of law may be applicable in this matter.

## THIRTEENTH DEFENSE

An award of punitive damages in this civil action would amount to a deprivation of property without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Section Fourteen of the Mississippi Constitution.

## FOURTEENTH DEFENSE

An award of punitive damages in this civil action would violate the due process provisions of the Fifth and Fourteenth Amendments to the United States Constitution and Section Fourteen of the Mississippi Constitution.

## FIFTEENTH DEFENSE

The criteria used for determining whether and in what amount punitive damages may be awarded are impermissibly vague, imprecise and inconsistent and are therefore in violation of the due process provisions of the Fifth and Fourteenth Amendments to the Constitution of the United States.

**SIXTEENTH DEFENSE**

An award of punitive damages in this civil action would amount to an excessive fine in violation of the Constitution of the United States of America and Section Twenty-Eight of the Mississippi Constitution.

**SEVENTEENTH DEFENSE**

This Defendant preserves and asserts any and all rights and defenses that may be available under either the law or facts involving this matter under Federal Rules of Civil Procedure 8(c).

**EIGHTEENTH DEFENSE**

This Defendant asserts that all allegations in the Complaint not specifically admitted are hereby denied.

**NINETEENTH DEFENSE**

This Defendant hereby gives notice that it intends to rely upon such other and further defenses which may be available or become apparent during discovery in this civil action and reserves the right to amend to assert such defenses.

WHEREFORE, PREMISES CONSIDERED, Defendant, Chartis Claims, Inc., respectfully requests the Court to dismiss the Complaint filed herein against it with all costs taxed to the Plaintiff.

Respectfully submitted, this the 9th day of March. 2012.

                              CHARTIS CLAIMS, INC.

                    BY:   */s/ William W. McKinley, Jr.*
                              EDWARD J. CURRIE, JR. (MSB #5546)
                              WILLIAM W. McKINLEY, JR. (MSB #9987)

OF COUNSEL:

CURRIE JOHNSON GRIFFIN GAINES & MYERS, P.A.
1044 River Oaks Drive
Post Office Box 750
Jackson, Mississippi 39205
Telephone: (601) 969-1010
Facsimile: (601) 969-5120
Email: ecurrie@curriejohnson.com; wmckinley@curriejohnson.com

## **CERTIFICATE OF SERVICE**

     I, William W. McKinley, Jr., do hereby certify that I have this day served a true and correct copy of the above and foregoing instrument via electronic filing to the following counsel of record:

    Jeffrey D. Leathers
    Greer Russell Dent & Leathers, PLLC
    Post Office Box 907
    Tupelo, MS 38802-0907
    T: (662) 842-5345
    F: (662) 842-6870
    E: jleathers@greerlawfirm.com

This the 9th day of March, 2012.

                                        /s/ William W. McKinley, Jr.
                                        WILLIAM W. McKINLEY, JR.